UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN DeVAN DANIEL,

    Plaintiff,

v.

AMANDA HENDERSON, et al.,

    Defendants.

No. 2:18-cv-03123 KJM AC (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and

1

(3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

Plaintiff brings suit under the 14th Amendment Equal Protection clause and the Eighth Amendment prohibition against cruel and unusual punishment. ECF No. 1 at 4. The defendants are all allegedly members of the Stockton police department. ECF No. 1 at 12. Plaintiff alleges that on November 6, 2018, a man came downstairs at his apartment and grabbed him by the neck and put a gun to his face on the left side. Id. at 5. Plaintiff called the police once the man left, and the police told him that they would file a police report later instead of immediately trying to

apprehend the man with the gun and taking that person into custody.  Id.  Plaintiff seeks $893,246.00 in cash due to physical pain and anguish as a result of this incident, which caused him to feel publicly humiliated by the police and to feel unsafe.  Id. at 6.

      B.  Analysis

This complaint must be dismissed because it cannot state a claim upon which relief can be granted.   The Fourteenth Amendment's Equal Protection Clause can afford plaintiff no relief. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  To state a claim for a violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  Alternatively, plaintiff can show "that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).  "Similarly situated" persons are those "who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992) (citations omitted).  The rationale is that "[w]hen those who appear similarly situated are nevertheless treated differently, the Equal Protection Clause requires at least a rational reason for the difference, to ensure that all persons subject to legislation or regulation are indeed being 'treated alike, under like circumstances and conditions.'" Engquist v. Or. Dep't of Agric., 553 U.S. 591, 602 (2008).

Plaintiff's complaint is totally devoid of any allegations of discrimination.  Plaintiff does not allege that he is part of a protected class.  Plaintiff makes a very specific allegation about the conduct he feels violated the equal protection clause: that the "police on scene chose to fill out the 'brandishing a weapon complain later.'" ECF No. 1 at 7, 8.  Nothing in plaintiff's complaint suggests that he can successfully allege an Equal Protection claim; indeed, the specificity of his allegations make it clear that he cannot.  Plaintiff's complaint should therefore be dismissed

without leave to amend.

Although plaintiff's complaint specifies reliance on the Fourteenth Amendment's equal protection clause, in the interest of thoroughness, the court notes that the Fourteenth Amendment's due process clause likewise can afford him no relief. "[T]he general rule is that [a] state is not liable for its omissions." Munger v. City of Glasgow Police Dep't., 227 F.3d 1082, 1086 (9th Cir. 2000). In general, the Fourteenth Amendment's due process clause typically "does not impose a duty on [the state] to protect individuals from third parties." Morgan v. Gonzales, 495 F.3d 1084, 1093 (9th Cir. 2007). "There are two exceptions to this rule: (1) when a "special relationship" exists between the plaintiff and the state (the special-relationship exception) and (2) when the state affirmatively places the plaintiff in danger by acting with "deliberate indifference" to a "known or obvious danger" (the state-created danger exception)." Patel v. Kent Sch. Dist., 648 F.3d 965, 971–72 (9th Cir. 2011) (internal citations omitted). The "special relationship" exception applies when the state takes a person into custody against his will. Id. Based on the facts plaintiff alleges, it is clear that neither exception applies and that the Fourteenth Amendment created no duty upon the defendant officers to immediately attempt to apprehend the individual who threatened plaintiff.

Finally, plaintiff cannot state an Eighth Amendment claim. The Eighth Amendment to the U.S. Constriction states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. First, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments applies only after conviction and sentence." Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Most importantly as it pertains to dismissal of this case, the Eighth Amendment not apply because plaintiff was not incarcerated. Nor does he allege that he was subject to punishment, arrest, fines, or detention of any kind, at any point in time. On the facts alleged, plaintiff cannot state a claim under the Eight Amendment and his claim must be dismissed with prejudice.

Because the incident of which plaintiff complains does not involve the violation of his constitutional rights, the complaint cannot be cured by amendment. Because amendment would be futile, dismissal should be with prejudice. See Noll, 809 F.2d at 1448.

## II. Conclusion

For the reasons stated above, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED with prejudice because it fails to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: December 20, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE